# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES PICKETT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:12-0109 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| SUSAN MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, James Pickett, an inmate at the Charles Bass Correctional Complex in Nashville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants, Susan Martin, Jason Swinea, Steven Alcorn, Joseph Patterson, Derrick Scholfield, Jim Woodard, Arvil Chapman, Janice Carrett, and Debra Casteel. Plaintiff's claims are that Defendants failed to provide proper medical treatment to Plaintiff following the removal of his wisdom teeth, resulting in a severe infection, prolonged hospitalization, and lasting difficulty speaking and eating, in violation of his Eighth and Fourteenth Amendment rights.

Before the Court is Defendants Susan Martin and Jason Swinea's motion to dismiss for failure to state a claim (Docket Entry No. 62), contending, in sum, that Plaintiff fails to allege facts that Defendants Susan Martin and Jason Swinea acted with deliberate indifferent towards Plaintiff. Also before the Court are Defendants Steven Alcorn and Joseph Patterson's motions to dismiss (Docket Entry Nos. 61 and 64), contending, in sum, that Plaintiff failed to effect service of process on Defendant Alcorn and Patterson. Plaintiff has not filed a response to any of these motions to dismiss.

For the reasons set forth below, the Court concludes that Plaintiff's complaint fails to provide specific factual allegations to state plausible claims against Susan Martin and Jason Swinea, and that service of process was not effective as to Defendants Steven Alcorn and Joseph Patterson, and these

Defendants' motions to dismiss should be granted.

## I. Analysis of the Complaint

According to the amended complaint, on February 29, 2012, Steven Alcorn, the dentist at South Central Correctional Facility, removed Plaintiff's wisdom teeth on the right side of his mouth. (Docket Entry No. 58, ¶ 12).

The next day, March 1, 2012, Plaintiff was in pain and remained in bed. Id. at ¶ 13. On March 2, 2012, Plaintiff's face was swollen, and Plaintiff asked Sergeant Jason Swinea to notify the emergency medical unit that he was experiencing complications from his surgery, which Sergeant Swinea agreed to do. Id. at ¶ 15-16. Plaintiff rested in his cell, and when he woke, Sergeant Swinea's shift ended, and he had not notified the medical unit of Plaintiff's condition. Id. at ¶ 17. Plaintiff then asked the unit manager, Joseph Patterson if he could go to the medical unit, who informed him that the medical unit would not be able to see him that day. Id. at ¶ 20.

On March 3, 2012, the shift manager, Sergeant Mansell, noticing Plaintiff's swollen face, sent Plaintiff to the nurses' window. Id. at ¶ 23-25. Plaintiff was running a fever, so the nurse escorted Plaintiff to the medical unit, where Plaintiff received penicillin, and was sent back to his cell. Id. at ¶ 26.

On March 4, 2012, the swelling in Plaintiff's face spread to his throat, making it difficult to speak, and causing fluids to come out of Plaintiff's nose. Id. at ¶ 27.

On March 5, 2012, Plaintiff returned to the medical unit, where the dentist, Steven Alcorn, and the nurse practitioner, Susan Martin examined Plaintiff. Id. at ¶ 28-29. Upon seeing the Plaintiff, the dentist and nurse practitioner referred Plaintiff to Wayne County Hospital. Id. at ¶ 30. Upon his arrival, the staff at Wayne Country Hospital determined that they were not equipped to properly treat Plaintiff's condition. Id. at ¶ 31. Plaintiff was transported via ambulance to Meharry Medical in

Nashville, where a series of four surgeries were performed. Id. at ¶ 32. Plaintiff spent three weeks in the intensive care unit, and was then sent to the special needs unit for rehabilitation. Id. at ¶ 33-35. As a result of Plaintiff's infection and subsequent surgeries, Plaintiff is no longer able to speak loudly, has difficulty swallowing and eating, and has a lisp when he speaks. Id. at ¶ 36.

Plaintiff filed a grievance against unit manager Joseph Patterson, which was denied on June 5, 2012 by supervisor Debra Casteel. Id. at ¶ 46. Janice Garrett, grievance chairperson, declined to hear Plaintiff's grievance on June 7, 2012, citing that it was beyond the statute of limitations of seven (7) days within the incident that occurred. Id. at ¶ 49. On June 8, 2012, Warden Arvil Chapman concurred with the denial of Plaintiff's grievance. Id. at ¶ 51. On July 7, 2012, Deputy Commissioner Jim Woodard denied the appeal of Plaintiff's grievance. Id. at ¶ 52.

## II. Conclusions of Law

"[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Com'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). However, the Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. (citations and quotation marks omitted).

In Ashcroft v. Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and

3

plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "makes assertion[s]" devoid of "further factual enhancement." Id. at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]", "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79.

As the Sixth Circuit stated, "[a] motion under Rule 12(b)(6) is directed solely to a complaint itself . . . ." Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971); see also Passa v. City of

4

Columbus, 123 Fed.Appx. 694, 698 (6th Cir. Ohio 2005). Yet, in evaluating a plaintiff's complaint, under Fed. Rule Civ. Proc. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. There are two essential elements to an action under § 1983: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); 42 U.S.C. § 1983.

Under the Eighth Amendment, a prisoner has a right to adequate medical care for his serious medical needs to which jail or prison officials may not be deliberately indifferent. Estelle v. Gamble, 429 U.S. 97, 103 (1976). This right includes dental needs. Ramos v. Lamm, 639 F.2d 559, 576 (10th Cir. 1980). For this claim there are objective and subjective components. Framer v. Brennan, 511 U.S. 825, 837-40 (1994); Comstock v. McCary, 273 F.3d 693, 702 (6th Cir. 2001). The objective component is a serious medical need or condition. Farmer, 511 U.S. at 834 ("the deprivation must be 'sufficiently serious'"). The subjective component is whether the Defendants exhibit a "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (citations omitted). For the latter component, the prisoner must show more than medical malpractice or negligence because the subjective requirement "prevent[s] the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. It is also "clear that [the standard] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer,

511 U.S. at 835.

For medical conditions, the Court is not to second guess the medical judgments of prison medical officials and doctors where the prisoner receives some medical treatment. Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976); see also Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir. 2011). The deliberate indifference standard is not met merely because the prisoner alleges that "alternative procedures might have better addresses [a prisoner's] particular needs." Graham v. Cnty. of Washtenaw, 358 F.3d 377, 384 (6th Cir. 2004)."Although the care the plaintiff received at the Jail may not have been as prompt, thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the 'optimum or best medical treatment.'" Carrizles v. George, 2012 WL 123984 at *4 (M.D. Tenn. Jan. 17, 2012) (quoting Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982).

These standards were explained further by the Supreme Court stating that the action must be characterized as "repugnant to the conscience of mankind." Estelle, 429 U.S. at 106. In Estelle, the Supreme Court made it clear that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid Eighth Amendment claim:

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

429 U.S. at 105-06 (footnote omitted).

As to Defendants Susan Martin and Joshua Swinea's motion to dismiss (Docket Entry No. 62), Defendants assert that their conduct does not rise to the level of deliberate indifferent, and as such, the Plaintiff has failed to state a claim. Plaintiff alleges that at approximately 6:05 a.m. on March 2, 2012, Sergeant Joshua Swinea, from whom he sought assistance, saw Plaintiff's obvious facial swelling, and heard Plaintiff's complaints of pain. (Docket Entry No. 58, Amended Complaint at ¶ 16-17). Plaintiff then returned to his cell and at about 6:30 a.m., fell asleep without seeing a doctor. Id. When Plaintiff awoke at 2:25 p.m. that day, his face was "enormously swollen" and Plaintiff was in "enormous" pain. Id. Given the sequence at the time of Plaintiff's report to Swinea, Plaintiff's factual allegations do not suggest that it was "obvious" to Swinea that Plaintiff had a serious medical problem requiring immediate attention because he was able to fall asleep shortly thereafter. These allegations do not describe a plausible claim that Defendant Swinea acted with deliberate indifference to Plaintiff's serious medical needs.

Defendant Susan Martin is a nurse practitioner at SCCF and allegedly Dr. Alcorn told Martin of Plaintiff's condition and "someone ordered" Plaintiff's transfer to a hospital for treatment. Id. at ¶ 29-30. These are not factual allegations about Martin. The Court does not find any Eighth Amendment violation by Martin and Defendant Martin's motion to dismiss should be granted (Docket Entry No. 62).

Defendants Joe Patterson and Steven Alcorn's motions to dismiss allege that neither defendant received service of process, and as such, the complaint against them should be dismissed. (Docket Entry Nos. 61 and 64). In the absence of service of process or a waiver of service of process by a defendant, a federal court ordinarily cannot exercise personal jurisdiction. Arthur v. Litton Loan Servicing LP, 249 F.Supp.2d 924, 928 (E.D. Tenn. Nov. 19, 2002) (citing Murphy Brothers v.

Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). A defendant's actual notice of a legal action is no substitute for proper service of process. Id. at 927. Failure to effect service of process within the time period of one hundred twenty (120) days from the filing of the complaint is considered mandatory grounds for dismissal, absent a showing of good cause for the delay. See Moncrief v. Stone, 961 F.2d 595, 597 (6th Cir. 1992) (Although no showing that delay in effecting service had prejudiced defendants, Rule 4(j) (now Rule 4(m)) required a showing of "good cause" for delay. "Good cause" requires showing of "excusable neglect," for which inadvertence or mistake of counsel or ignorance of rules are insufficient). See Hinton v. Root, 1995 WL 138889 at *2 (6th Cir. 1995) (unpublished) (the Court affirmed a dismissal, stating "defendants Chapin and Goodrich were properly dismissed from Hinton's lawsuit because Hinton failed to serve these defendants with the complaint within 120 days, (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991)).

Service may be effectuated by the receipt of the Summons and Complaint by "an agent authorised by appointment or by law to receive service of process" on behalf of another. Fed. R. Civ. P. 4(e)(2)(C); see Tenn. R. Civ. P. 4.04(1). Authority to accept service must be "either express or implied from the type of relationship which has been established between the defendant and the alleged agent." Arthur v. Litton Loan Servicing, L.P., 249 F. Supp.2d at 929.

Plaintiff attempted to serve Defendant Steve Alcorn at South Central Correctional Facility on January 26, 2013. (Docket Entry No. 35 at 2). However, Defendant Alcorn had resigned from his position at South Central on April 4, 2012, and did not give authority to anyone at South Central to accept service of process on his behalf. Id. (Docket Entry No. 40, Decl. of Arvil Chapman, ¶ 4). (Docket Entry No. 36, Aff. of Steven Alcorn, ¶ 2-4). Thus, Defendant Alcorn's motion to dismiss

(Docket Entry No. 64) should be granted for failure to effect service of process on Defendant Alcorn.

Similarly, Plaintiff attempted to serve Defendant Joe Patterson on January 26, 2013. (Docket Entry No. 39, ¶ 3). Defendant Patterson retired from his employment at South Correctional Facility in the fall of 2012, and did not authorize anyone to accept service of process on his behalf. Id. at ¶ 4. (Docket Entry No. 41, Decl. of Arvil Chapman, ¶ 5). Thus, Defendant Patterson's motion to dismiss (Docket Entry No. 61) should also be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___16th___ day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court